**MOTLEY RICE LLC**
William H. Narwold (*pro hac vice*)
bnarwold@motleyrice.com
One Corporate Center
20 Church St., 17th Floor
Hartford, CT  06103
Telephone: (860) 882-1681
Facsimile: (860) 882-1682

**MOTLEY RICE LLC**
Gregg S. Levin (*pro hac vice*)
glevin@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| LINUS ARULIAH, Individually and On Behalf of All Others Similarly Situated, | **No. 3:14-cv-03673-JD** |
| Plaintiff, | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS** |
| v. | |
| IMPAX LABORATORIES, INC., LARRY HSU, G. FREDERICK WILKINSON, and BRYAN M. REASONS, | |
| Defendants. | |

WHEREAS, the Court has received the Stipulation of Settlement dated March 27, 2015 (the "Stipulation"), that has been entered into by Lead Plaintiff KBC Asset Management NV ("Lead Plaintiff"), and defendants Impax Laboratories, Inc. ("Impax"), Larry Hsu, G. Frederick Wilkinson, and Bryan M. Reasons (collectively, "Defendants") (Plaintiffs and Defendants are the "Parties"); and

WHEREAS, the Parties to this litigation (the "Action"), having applied for an order determining certain matters in connection with the proposed settlement of the Action (the "Settlement"), in accordance with the Stipulation entered into by the Parties; and for the ultimate and final approval of the Settlement and dismissal of the Action as against the Defendants upon the terms and conditions set forth in the Stipulation;

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

**IT IS HEREBY ORDERED** that:

1.      The Court, for purposes of this Order Granting Preliminary Approval of Class Action Settlement and Directing Notice to the Settlement Class, adopts all defined terms as set forth in the Stipulation.

2.      Lead Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

3.      Lead Counsel is authorized to retain the firm of KCC Class Action Services as Claims Administrator to supervise and administer the notice and claims procedures.

4.      For purposes of the Settlement, the Court preliminarily certifies the Class as defined in the Stipulation, appoints William H. Narwold and Gregg S. Levin as Class Counsel, and otherwise preliminarily approves the Settlement as set forth in the Stipulation and the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, or the fairness and adequacy of their representation by Lead Counsel, and to show cause, if any exists, why a final

judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

5.      A hearing (the "Settlement Fairness Hearing") shall be held on October 28, 2015 at 10:00 a.m., in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, the Honorable James Donato presiding, to:

a.      determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

b.      determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action with prejudice and extinguishing and releasing all Plaintiff's Released Claims and Defendants' Released Claims (as defined in the Stipulation);

c.      determine whether the Plan of Allocation should be approved;

d.      rule on Plaintiff's Counsel's Fee and Expense Application; and

e.      rule on such other matters as the Court may deem appropriate.

6.      The Court reserves the right to adjourn the Settlement Fairness Hearing, including the consideration of the application for attorneys' fees and reimbursement of expenses, without further notice to Class Members.  The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

7.      The Court reserves the right to approve the Settlement at or after the Settlement Fairness Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

8.      The Claims Administrator shall make reasonable efforts to identify all persons and entities who are members of the Class, including beneficial owners whose shares of Impax common stock are held by banks, brokerage firms, or other nominees, based on Impax's provision of transfer records and information required by the Claims Administrator, and to send copies of the Notice to the persons and entities who can be identified through reasonable efforts from those records.

9.      Within thirty (30) calendar days after the entry of this Order, the Claims Administrator shall cause a copy of the Notice, substantially in the form of Exhibit A to the Stipulation, to be mailed by United States mail, postage pre-paid, to all members of the Class, at their last known address

ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT & DIRECTING NOTICE TO THE SETTLEMENT CLASS
Case No. 3:14-cv-03673-JD

2

appearing in the stock transfer records maintained by or on behalf of Impax, and to identifiable nominees for Class Members.  The thirtieth (30th) day after the entry of this Order shall be termed the "Notice Date."

10.     Pursuant to the Notice, each nominee shall send either:  (a) the Notice and Proof of Claim to Class Members for which they act as nominee by first class mail within ten (10) calendar days after the nominee receives the Notice; or (b) a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Class Members named on the list received from the nominee.  The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.  Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

11.     Within fourteen (14) calendar days of the Notice Date, the Claims Administrator shall cause the Summary Notice, in substantially the same form as Exhibit E to the Stipulation, to be published in the *Investor's Business Daily* and disseminated over *PR Newswire*, a national business-oriented wire service.  The Summary Notice need not be published in each of these media on the same day.  Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this Order.

12.     The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice to all persons and entities entitled to receive such notice and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

13.     Any member of the Class who objects to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, or who otherwise wishes to be heard, may

appear in person or by his, her, or its attorney at the Settlement Fairness Hearing and present evidence or argument that may be proper or relevant; provided, however, that no person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person or entity shall be considered by the Court, unless at least twenty-one (21) calendar days before the Settlement Fairness Hearing such person or entity files with the Court and delivers to counsel listed below:   (a) a written notice of intention to appear; (b) a statement of such person's or entity's objection(s) to any matters before the Court; (c) the grounds therefor or the reasons that such person or entity desires to appear and be heard, as well as all documents or writings such person or entity desires the Court to consider; and (d) documents evidencing that such person is a Class Member.  Such filings shall be filed with the Clerk of the Court and the following counsel so that they are received at least twenty-one (21) calendar days before the Settlement Fairness Hearing:

| LEAD COUNSEL: | DEFENDANTS' COUNSEL: |
|---|---|
| Gregg S. Levin | Peter A. Wald |
| MOTLEY RICE LLC | Marcy C. Priedemen |
| 28 Bridgeside Blvd. | LATHAM & WATKINS, LLP |
| Mount Pleasant, SC  29464 | 505 Montgomery St., Suite 2000 |
| | San Francisco, CA  94111 |
| William H. Narwold | |
| MOTLEY RICE LLC | Patrick E. Gibbs |
| One Corporate Center | LATHAM & WATKINS, LLP |
| 20 Church St., 17th Floor | 140 Scott Dr. |
| Hartford, CT  06103 | Menlo Park, CA  94025-1008 |

14.     Any person or entity falling within the definition of the Class may, upon request, be excluded from the Settlement.  Any such person or entity must submit to the Claims Administrator a request for exclusion ("Request for Exclusion").  A Request for Exclusion must be received by the Claims Administrator at least twenty-one (21) calendar days before the Settlement Fairness Hearing and provide:  (i) the name, address, and telephone number of the person or entity requesting exclusion; (ii) proof of the person's or entity's purchases, acquisitions, and sales of Impax common stock made during the Class Period, including the dates, the number of shares of common stock, and price paid or received per share for each such purchase, acquisition, or sale; and (iii) that the person or entity wishes to be excluded from the Class.  Any Class Member so excluded shall not be bound by the terms of the

ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT & directing notice to the settlement class
Case No. 3:14-cv-03673-JD

4

Stipulation nor entitled to any of its benefits, and shall not be bound by any Order and Final Judgment and/or other order of the Court entered herein, whether pursuant to the Stipulation or otherwise.

15.     Any Class Member who wishes to participate in the Settlement Fund must submit a valid Proof of Claim, substantially in the form of Exhibit D to the Stipulation, to the Claims Administrator, at the address indicated in the Notice, postmarked no later than one-hundred and fifty (150) calendar days following the Notice Date.  Such deadline may be further extended by Court order.  Provided they are received before the motion for the Class Distribution Order is filed, Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class mail, registered mail, or certified mail, postage prepaid, and addressed in accordance with the instructions given in the Proof of Claim.  All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator.  To be valid, a Proof of Claim must:  (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of Released Defendant Parties as set forth in the Stipulation; and (iii) be signed with an affirmation (notarization not required) that the information is true and correct.  All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

16.     If this Settlement is not approved by the Court or does not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation and any actions taken or to be taken in connection therewith, including this Order) shall be terminated and shall become void and of no further force and effect.

17.     All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  Pending final determination whether the Settlement should be approved, Lead Plaintiff and all Class Members are barred and enjoined from commencing or prosecuting any action asserting any claims that are or relate in any way to the Plaintiff's Released Claims as defined in the Stipulation.

18.     Neither the Stipulation nor any provisions contained in the Stipulation, nor any negotiations, statements, and proceedings in connection herewith, shall be construed or deemed to be

ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT & DIRECTING NOTICE TO THE SETTLEMENT CLASS
Case No. 3:14-cv-03673-JD

5

evidence of an admission or concession on the part of Lead Plaintiff, the Defendants, any member of the Class, or any other person or entity, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, any member of the Class, any present or former stockholder of Impax, or any other person or entity, has or has not suffered any damage, except that the Released Plaintiff Parties and Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     Any submission to the Court in support of approval of the Settlement or the Plan of Allocation, or in support of the Fee and Expense Application, shall be filed no later than thirty-five (35) calendar days before the date scheduled for the Settlement Fairness Hearing.

20.     If reply papers are necessary, they are to be filed with the Court no later than seven (7) calendar days prior to the date scheduled for the Settlement Fairness Hearing.

21.     The Court authorizes payment out of the Settlement Fund of all Taxes and Notice and Administration Costs, as provided for in the Stipulation.

Dated: May 28, 2015



_____
THE HONOR_____
UNITED STA_____

ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT & DIRECTING NOTICE TO THE SETTLEMENT CLASS
Case No. 3:14-cv-03673-JD

6