**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LINUS ARULIAH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IMPAX LABORATORIES, INC., LARRY HSU, G. FREDERICK WILKINSON, and BRYAN M. REASONS,<br><br>Defendants. | No. 3:14-cv-03673-JD<br><br>[P~~ROPOSED~~] **ORDER APPROVING SETTLEMENT AND FINAL JUDGMENT, AS REVISED BY THE COURT** |

On the 24th day of November, 2015, a hearing having been held before this Court to determine: (a) whether the above-captioned federal securities class action (the "Action") satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (b) whether the terms of the proposed settlement ("Settlement") described in the Stipulation of Settlement dated May 27, 2015 (the "Stipulation"), are fair, reasonable, and adequate, and should be approved by the Court; (c) whether the proposed allocation of the Settlement Fund (the "Plan of Allocation") is fair and reasonable, and should be approved by the Court; (d) whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of Plaintiff's Released Claims as against the Released Defendant Parties, as set forth in the Stipulation, should be ordered; (e) whether the Fee and Expense Application should be approved; and (f) such other matters as the Court might deem appropriate; and

The Court having considered all matters submitted to it at the hearing held on November 24, 2015, and otherwise;

It appearing that a Notice of Pendency and Proposed Settlement of Class Action ("Notice") substantially in the form approved by the Court's June 22, 2015 Order Granting Preliminary Approval and Directing Notice to the Settlement Class ("Preliminary Approval Order"), was mailed to all persons and entities reasonably identifiable who purchased the common stock that is the subject of the Action, except those persons and entities excluded from the definition of the Class; and

It appearing that a Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") substantially in the form approved by the Court in the Preliminary Approval Order was published pursuant to the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Class Members, and Defendants.

2. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth and defined in the Stipulation.

3. The Court hereby affirms its findings in its Preliminary Approval Order, that for purposes of the Settlement only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court further affirms its determinations in the Preliminary Approval Order, and finds that the Notice distributed to the Class provided the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation of the Settlement Fund, to all persons and entities entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Class Members who did not timely elect to exclude themselves by written communication are bound by this Order and Final Judgment.

5. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the Action as a class action on behalf of all persons or entities who purchased or otherwise acquired Impax common stock during the period between March 6, 2013 and August 1, 2014, inclusive, and were damaged thereby. Excluded from the Class are the Defendants; members of the immediate families of the Defendants Larry Hsu, G. Fredrick Wilkinson, and Bryan M. Reasons; Impax's subsidiaries and affiliates; any person who is or was an officer or director of Impax or any of Impax's subsidiaries or affiliates during the Class Period; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded person or entity. Also excluded from the Class are any putative Class

Members who have excluded themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice; these persons are listed on Exhibit A attached hereto.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff is certified as the class representative. Additionally, Lead Plaintiff's selection of William H. Narwold and Gregg S. Levin as counsel for the Class is approved.

7.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement is approved as fair, reasonable, and adequate, and in the best interests of the Class. In that regard, this Court finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, the Class, and Defendants. Lead Plaintiff and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.     The Action is hereby dismissed with prejudice and without costs, except as otherwise provided in the Stipulation.

9.     Upon the Effective Date of the Settlement:

   a.     Lead Plaintiff, the members of the Class, and their Related Parties, on behalf of themselves and each of their past and present subsidiaries, affiliates, parents, employees, assigns, successors and predecessors, estates, heirs, executors, issue, administrators, and their respective officers, directors, shareholders, agents, attorneys and legal representatives, general or limited partners, managers, members, spouses, representatives, and any persons they represent, shall and do, with respect to each and every one of Plaintiff's Released Claims, release and forever discharge, and shall forever be enjoined from instituting, commencing, or prosecuting any of Plaintiff's Released Claims against any of the Released Defendant Parties; and

   b.     Defendants and their Related Parties, on behalf of themselves and each of their past and present subsidiaries, affiliates, parents, employees, assigns, successors and predecessors, estates, heirs, executors, issue, administrators, and their respective officers, directors, shareholders, agents, attorneys and legal representatives, general or limited partners, managers, members, spouses, representatives, and any persons they represent, shall and do, with respect to each and every one of Defendants' Released Claims, release and forever discharge, and shall forever be enjoined from

1  instituting, commencing, or prosecuting any of Defendants' Released Claims against any of the
2  Released Plaintiff Parties.

3   10. Notwithstanding paragraph 9 above, nothing contained herein shall bar any action or
4  claim to enforce the terms of the Stipulation or this Order and Final Judgment.

5   11. All Persons whose names appear on Exhibit A hereto are hereby excluded from the
6  Class, are not bound by this Judgment, and may not make any claim with respect to or receive any
7  benefit from the Settlement.

8   12. A separate order shall be entered regarding Plaintiff's Counsel's application for
9  attorneys' fees and reimbursement of expenses as allowed by the Court. A separate order also shall be
10 entered regarding the proposed Plan of Allocation. Such orders shall in no way disturb or affect this
11 Judgment and shall be considered separate from this Judgment.

12  13. This Court finds that Lead Plaintiff and Lead Counsel adequately represented the
13 Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for the purpose
14 of negotiating, entering into, and implementing the Settlement and at all times during the pendency of
15 this Action.

16  14. Pursuant to 15 U.S.C. § 78u-4(c)(1), the Court finds that Lead Plaintiff, Lead Counsel,
17 Defendants, and Defendants' Counsel complied with the requirements of Rule 11(b) of the Federal
18 Rules of Civil Procedure in this Action.

19  15. The Stipulation and all negotiations, statements, and proceedings in connection with the
20 Settlement shall not, in any event, be construed or deemed to be evidence of an admission or concession
21 on the part of Lead Plaintiff, the Defendants, any member of the Class, or any other person or entity, of
22 any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in
23 any action or proceeding (except an action to enforce the Stipulation and the Settlement contemplated
24 hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing
25 of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession
26 that Lead Plaintiff, any member of the Class, any present or former stockholder of Impax, or any other
27 person or entity, has or has not suffered any damage, except that the Released Defendant Parties and
28 Released Plaintiff Parties may file the Stipulation and/or this Order and Final Judgment in any action

that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered, including those certifying a Class for purposes of settlement only, and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed. The Clerk of the Court is directed to close the case.

Dated: December 21, 2015

_____
The Honorable James Donato
United States District Judge

# EXHIBIT A

*Aruliah v. Impax Laboratories, Inc.*, No. 3:14-cv-03673-JD

| Exclusion No. | Name | City, State |
|---|---|---|
| 1 | Thomas Shutkin | White Mills, PA |
| 2 | Noreen T. Eldredge TTEE | Sandy, UT |